UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BELINDA BURNETT,**

  **Plaintiff,**

               Civil Action 2:14-cv-2544
 v.              Judge Algenon L. Marbley
                Magistrate Judge Elizabeth P. Deavers

**GALLIA COUNTY, OHIO,** *et al.*,

  **Defendants.**

## OPINION AND ORDER

  Plaintiff, Belinda Burnett, brings this action against Defendants, Gallia County, Ohio, and Gallia County employees, asserting that Defendants violated her rights under the Family Medical Leave Act, 29 U.S.C. § 2601 ("FMLA") and Ohio laws prohibiting disability and age discrimination when they terminated her employment. This matter is before the Court for consideration of Plaintiff's Motion to Strike Defendants' Late Expert Designation (ECF No. 11), Defendants' Memorandum in Opposition (ECF No. 14), and Plaintiff's Reply (ECF No. 15). For the reasons that follow, Plaintiff's Motion to Strike is **GRANTED**.

  On March 6, 2015, this Court issued a Preliminary Pretrial Order ("PPO") containing the deadlines that the parties had recommended to the Court in their Rule 26(f) report. (ECF No. 5.) The Court set July 31, 2015, as the deadline for expert disclosures, with September 30, 2015, as the deadline for rebuttal expert disclosures. The Court also set November 2, 2015, as the discovery deadline and January 15, 2016, 2013, as the case-dispositive motion deadline.

  In her March 20, 2015 initial disclosures, Plaintiff identified Nurse Practitioner Jeannie Ingles as a witness. Neither party identified an expert on or before the July 31, 2015 deadline for

expert disclosures.  On September 1, 2015, Defendants requested medical authorizations for the release of Plaintiff's medical records.  Following negotiations concerning the temporal scope of the authorizations, Defendants received the authorizations on September 25, 2015.  On September 30, 2015, Defendants served an Expert Disclosure Notice in which they identified Dr. Michael E. Yaffe, M.D., as "a witness they may sue at trial to present evidence under Federal Rules of Evidence 702, 703, or 705, along with subject matter, and summaries of fact opinions." (ECF No. 10.)  Defendants neither attached a report nor disclosed the subject matter on which they expected Dr. Yaffe to testify.

Plaintiff filed the subject Motion to Strike on October 1, 2015.  (ECF No. 11.)  Plaintiff asserts that Defendants' disclosure of Dr. Yaffe is untimely in violation of Federal Rule of Civil Procedure 26(a)(2)(D) and also in violation of Rule 26(a)'s requirement that all expert designations be accompanied by a report containing certain categories of information.  Plaintiff asserts that the foregoing deficiencies will significantly prejudice her if Dr. Yaffe is permitted to provide expert testimony in light of the insufficient time remaining to conduct discovery and her inability to offer a rebuttal expert.  Plaintiff therefore submits that the sanction of exclusion is warranted under Federal Rule of Civil Procedure 37(a).

In their Memorandum in Opposition, Defendants repeatedly emphasize that Dr. Yaffe "is a *responsive* witness to the anticipated testimony of Jeanne Ingles," (ECF No. 14 at 5 (emphasis added)), not a primary expert.  (*Id*. at 3, 4, and 5.)  According to Defendants, even though Plaintiff identified Ms. Ingles as a fact witness only, they should be permitted to identify a responsive expert to rebut her anticipated testimony because "it is evident that Ms. Ingles is to be called as an expert witness in her capacity as a certified nurse practitioner who allegedly treated

Plaintiff's hypertension." (*Id*. at 3.) Defendants assert that they therefore timely identified Dr. Yaffe on the September 30, 2015 deadline for rebuttal expert disclosures. Defendants explain that the absence of an accompanying report is attributable to the delay in obtaining Plaintiff's medical records. Defendants represent that the report will be forthcoming should the Court permit Dr. Yaffe to serve as a rebuttal expert and maintain that Plaintiff will suffer no prejudice because they "will continue to cooperate in all discovery matters." (*Id*. at 5.)

In her Reply, Plaintiff asserts that "[b]ecause Ms. Ingles is not an expert witness and was never designated as such, Defendants have no basis for presenting a rebuttal expert." (Pl.'s Reply 3, ECF No. 14.) Plaintiff alternatively posits that even if Ms. Ingles was designated as an expert, Defendants failure to timely disclose an expert report was neither substantially justified nor harmless. In support of this contention, Plaintiff submits that Defendants have failed to offer an explanation for their delay in requesting medical releases for Plaintiff's medical records. Plaintiff further maintains that permitting Dr. Yaffe to proceed as an expert will prejudice her in the form of delay attributable to the need to conduct additional discovery, which she posits is especially prejudicial because she remains unemployed.

Given Defendants' clarification that they seek to utilize Dr. Yaffe as a rebuttal expert only, the threshold issue for the Court is whether there exists any expert testimony for him to rebut. Federal Rule of Civil Procedure 26(a)(2)(D)(ii) contemplates rebuttal expert testimony so long as the rebuttal expert is disclosed within thirty days (or an alternative time frame set forth in a court order) and "the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also* Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendments

3

(describing rebuttal expert testimony as "expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert").

On this point, as set forth above, Defendants identify Plaintiff's disclosure of Nurse Practitioner Jeanne Ingles, asserting that "it is evident" that she will be called as an expert witness.  (Defs.' Mem. in Opp. 3, ECF No. 14.)  But it is undisputed that Plaintiff neither identified Ms. Ingles as an expert as required under Rule 26(a)(2)(A) nor provided disclosures under either Rule 26(a)(2)(B) or 26(a)(C)(i).  Consistently, Plaintiff makes clear in her Reply that "Jeanne Ingles is nothing more than a standard fact witness . . . ."  (Pl.'s Reply 1, ECF No. 15; *Id.* at 3 ("Ms. Ingles is not an expert witness . . . .")).

As Plaintiff points out, Ms. Ingle's status as a treating medical provider of Plaintiff does not render her an expert witness.  "The determinative issue is the scope of the proposed testimony."  *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) (internal quotation marks and citation omitted).  As set forth above, Plaintiff has made repeated assurances that Ms. Ingles' testimony will be limited to that contemplated by a standard, lay witness under Federal Rule of Evidence 701.  This obviates the need for Defendants to call a rebuttal expert.

In sum, Plaintiff did not disclose an expert under Rule 26(a)(2)(A).  It follows, then, that Defendants may not offer Dr. Yaffe as a rebuttal expert.  Plaintiff's Motion to Strike is therefore **GRANTED**.  (ECF No. 11.)

**IT IS SO ORDERED**.

Date:  December 23, 2015         /s/ *Elizabeth A. Preston Deavers*
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          UNITED STATES MAGISTRATE JUDGE